# MEMO ENDORSED

*Kaplan*

LAW OFFICES OF GEORGE N. PROIOS, PLLC
Attorneys for Plaintiff
65 West 36th Street
New York, NY 10018-7702

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 11/4/09
```

OCT 3 0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Seacastle Container Leasing, LLC
Successor-in-interest to Interpool Limited
and its subsidiary and affiliated companies,

        Plaintiff,

v

Global Container Lines Limited

        Defendant

09 CV 9083 (LAK)

**EX PARTE EXPEDITED MOTION FOR IMMEDIATE LIMITED DISCOVERY AND MEMORANDUM IN SUPPORT**

---

Plaintiff Seacastle Container Leasing, LLC, Successor-in-interest to Interpool Limited and its subsidiary and affiliated companies (hereinafter "Seacastle"), by its attorneys, Law Offices of George N. Proios, PLLC, as and for its Ex Parte Expedited Motion for Immediate Limited Discovery against Defendant Global Container Lines Limited (hereinafter "Global"), alleges upon information and belief as follows:

Seacastle requests expedited limited discovery from Global seeking the exact location of each of Seacastle's container units (the "Containers") leased by Global, which would allow Seacastle to initiate the retrieval of its property. Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. Gibson v. Bagas Restaurants, 87 F.R.D. 60, 62 (W.D. Mo. 1980). Such relief may be granted *ex parte*. See K.J. Schwartzbaum, Inc. v. Evans, Inc., 279 F. Supp. 422, 424 (S.D.N.Y. 1968).

In <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor</u>, 194 F.R.D. 618, 624 (N.D. Ill. 2000), the Court found that "it makes sense to examine the [expedited] discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances."(emphasis in original). In other words, does good cause exist for permitting expedited discovery. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." <u>Semitool, Inc. v Tokyo Electron America, Inc., et al.</u>, 208 F.R.D. 273, 2002 U.S. Dist. LEXIS 8961

Global ceased remitting monthly rental fees in February 2009, failed to honor the terms of the three-month repayment schedule that Global itself established, and has ceased all communication with Seacastle. Seacastle has made repeated demands for the return of its property or, in the alternative, detailed information regarding the location of the Containers so it can effect retrieval of them. Global has neither returned Seacastle's Containers nor disclosed the locations of those Containers.

For every day that goes by without a response from Global, the chances of Seacastle recovering its property, whether directly from Global or by its own recovery efforts, diminish. Given the current overall economic climate, and Global's rapidly declining viability, it is extremely urgent that Global be directed to immediately disclose to Seacastle the locations of all Containers leased from Seacastle by Global so that Seacastle can recover its property.

The Containers that are leased under the MELA are built at the time the individual lease is executed, which means they need to be purchased. As the Containers are Seacastle's property, payment for them is Seacastle's obligation. The rental fees that Seacastle charges Global provide the income stream by which Seacastle recoups its capital outlay for the purchased Containers. When Global stopped paying its rental fees, Seacastle was left without a significant source of revenue and

was forced to use its reserve capital to meet its obligations. This has created an extreme hardship on Seacastle and has damaged its ability to conduct its business.

Global is well aware of Seacastle's demands for the return of its property and for information as to its location, and yet it continues to ignore those demands. Seacastle is entitled to have its property returned to it, or alternatively, to know where its property is so it can retrieve it. Seacastle suffers damage every day that it is without income from the rental of those Containers, while Global simply washes its hands of its obligations to Seacastle and walks away.

Global cannot claim that any prejudice or damage will inflicted upon it by the granting of Seacastle's *ex parte* motion for expedited discovery. It has no cognizable legal right to continued possession of Seacastle's Containers. Further, the very nature of Global's business has required that Global keep records of the locations of the Containers it used and which generated income for Global. The only party subject to irreparable damage is Seacastle, if its motion is not granted. Seacastle requests this Court grant its motion for expedited discovery, on an *ex parte* basis, for the purposes of obtaining the locations of its Containers.

Seacastle has, in both its complaint and this instant motion, "made a strong evidentiary showing of the substantiality of its claims" and the urgent need for the requested information. <u>Adnan Abou Ayyash v Bank Al-Madina</u>, 233 F.R.D. 325; 2005 U.S. Dist. LEXIS 14276; 63 Fed. R. Serv. 3d (Callaghan) 680. The subject Containers are the property of Seacastle and, with each day that goes by without them being returned to Seacastle, that property is subject to loss and/or destruction. If Seacastle is required to wait the normal time for this action to proceed to discovery, or beyond, before obtaining at minimum the location information of its property, it is clearly foreseeable that the property would be completely lost. If that were to occur, Seacastle would suffer enormous irreparable

**MEMO ENDORSED**

harm. Seacastle is entitled to the immediate return of its property, and requests this Court grant it the means by which to effect the recovery thereof.

**WHEREFORE:**

Seacastle respectfully requests this Court to issue an Order directing Global Container Lines Limited to produce to Seacastle a complete listing of the Containers leased from Seacastle setting forth the present or last known location of each such container.

Dated: New York, NY
       October 30, 2009

>                          Respectfully submitted,
>                          LAW OFFICES OF GEORGE N. PROIOS, PLLC
>                          Attorneys for Plaintiff
>
>                          By _____
>                             George N. Proios
>                             65 West 36th Street, 7th Floor
>                             New York, NY 10018-7702
>                             212-279-8880

OF COUNSEL:

J. Stephen Simms
Simms Showers LLP
20 S. Charles Street - Suite 702
Baltimore, Maryland 21201
410-783-5795

4

*Motion granted. The listing shall be furnished to plaintiff's counsel by hand no later than 4:30 pm on 11/6/09*

SO ORDERED
_____
[signature] 11/4/09